IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TOMMY STURDIVANT, #148248, :

    Plaintiff, :

vs. : CIVIL ACTION 18-0177-KD-N

STEVE MARSHALL, *et al.*, :

    Defendants. :

## REPORT AND RECOMMENDATION

Plaintiff Tommy Sturdivant, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. His action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

**I. Nature of Proceedings.**

    **A. Complaint and Amendment to the Complaint.** (Docs. 1, 4).

In his complaint Sturdivant names as Defendants, Alabama Attorney General Steve Marshall and Assistant Attorney General Jack W. Willis. (Doc. 1 at 5). His claim against these Defendants arises from his habeas proceeding filed in this Court, *Sturdivant v. Jones*, CA No. 17-0233-WS-C (S.D. Ala. pending). He claims that in his federal habeas action, Defendants made a false statement in their November 8, 2017 response to his motion for permission to supplement petition, which he claims is a fraud intended to

deceive this Court. (*Id.* & Doc. 4 at 2). He states that in Defendants' November 8, 2017 response, they also apologized to him and to the Court for their mistake in their August 28, 2017 answer, wherein they denied that he filed a habeas corpus petition in the Circuit Court of Barbour County, Alabama. (Doc. 1 at 5 & Doc. 4 at 1). For this, Sturdivant seeks $10,000.00 in compensatory damages and $25,000.00 in punitive damages (Doc. 1 at 7), and for Defendants to be charged and prosecuted by the federal prosecutor's office. (*Id.* at 10).

In an attachment to the complaint, which is titled "complaint and warrant," Sturdivant provides additional facts. (*Id.* at 8 -10). He claims that in the federal habeas action in the respondent's November 8, 2017 response, Defendant Willis stated that "the record of the state habeas corpus . . . petition were[sic] not part of the records of the Office of the Attorney General." (*Id.* at 9). Whereas, Sturdivant contends that on May 15, 2017, the Barbour County Circuit Court added the Office of Attorney General to the docket sheet, and the Attorney General's Office filed a motion to transfer on October 11, 2017. (*Id.*). Sturdivant claims that Defendant Willis, nonetheless, stated that it was not a part of the Attorney General's records and that this fraud was endorsed by Defendant Marshall. (*Id.*). He maintains that this is not an isolated incident in his federal habeas case and provides an example of another incident when the Attorney General's Office raised the time-bar. (*Id.*). Sturdivant alleges that the time-bar representation was made to willfully deceive the Court to deny his right to courts, and it was perjury, misleading, and a legal fraud. (*Id.* at 9-10). For this, he wants the "complaint and warrant"[1] to be given to the

---

[1] Sturdivant sought to amend the "complaint and warrant" (Doc. 1 at 8-10) by filing his motion to amend complaint and warrant, which has been granted. (Doc. 4). The factual information in this motion is mostly repetitive of the factual information contained in his complaint.

federal prosecutors for prosecution. (*Id.* at 10).

In addition to the foregoing allegations, Sturdivant provided other information in the complaint concerning an underlying probation revocation, which he does not clearly present or connect to Defendants' actions. That is, he claims that on January 16, 2013, he filed a complaint in the Choctaw County Circuit Court, CV-2013-000012.00, about the revocation of his probation on April 4, 2008, and requested a jury trial. (*Id.* at 4). A hearing on his complaint was held on February 8, 2018. (*Id.*). His complaint was pending as of April 13, 2018, when he filed the present action. (*Id.*). And Plaintiff provided other information about this state-court complaint challenging his probation revocation but did not explain their connection or significance. (For instance, Sturdivant filed a demand for judgment in CV-2013-000012.00 on March 19, 2013; he was placed under double jeopardy on May 19, 2010; "Choctaw County Circuit Court did not set aside its order of revocation on May 20, 2009"; Alabama and/or a judge wanted to deny him an attorney and a jury trial in CV-2013-000012.00; he was not given a *Faretta* hearing; and he was not advised of the danger and disadvantages of representing himself. (*Id.*).).

**B. A Brief Survey of Sturdivant's § 2254 Habeas Proceeding.**

On May 22, 2017, Sturdivant filed a petition for relief under 28 U.S.C. § 2254 in this Court. *Sturdivant v. Jones,* CA No. 17-0233-WS-C (S.D. Ala. pending).[2] After filing his petition on the current petition form, as ordered by the Court, his amended petition was served on respondent. (Docs. 7, 9-11). In the answer, respondent provides that

---

[2] The Court takes judicial notice of its records. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).

Sturdivant is "challeng[ing] his May 16, 2011, Choctaw County, Alabama, guilty-plea convictions for two counts of sexual abuse of a child less than twelve years old and his resulting concurrent sentences of fifteen-years imprisonment." (Doc. 13 at 1). Respondent asserted that the petition should be dismissed because the claims are time-barred, procedurally defaulted, or meritless. (*Id.* at 2). The respondent is represented by Defendant Willis for the Office of the Alabama Attorney General. (*Id.* at 42).

In the answer, Defendant Willis advised the Court that he did not find a record of a state habeas corpus petition filed by Sturdivant in Barbour County. (*Id.* at 3). Sturdivant contested this representation and attached a case action summary of his case filed in the Circuit Court of Barbour County, *Sturdivant v. Jones*, CV 2017 000010.00. (Doc. 16 at 4, 5). Subsequently, on October 30, 2017, Sturdivant filed motion for permission to supplement petition based on respondent filing a motion in state court to convert his habeas petition to a Rule 32 petition and to transfer it to Choctaw County.[3] (Doc. 17).

In the response to Sturdivant's motion for permission to supplement petition, Defendant Willis admitted that he was incorrect when he stated that Sturdivant had not filed a state habeas corpus petition in Barbour County. (Doc. 18 at 2-3). Defendant Willis said that he relied on the records in the Attorney General's Office instead of examining the AlaCourt website. (*Id.* at 3). Defendant Willis "apologize[d] to Sturdivant and to this Court for that mistake." (*Id.*). Defendant Willis further stated Sturdivant filed the two habeas petitions in Barbour County Circuit Court "asking for relief from the Choctaw County Circuit Court's failure to rule on his Rule 32 petitions." (*Id.*).

---

[3] The motion to convert and transfer filed in Barbour County Circuit Court was filed by Assistant Attorney General Joseph "Jody" G. Stewart, Jr. (Doc. 17 at 8).

As a consequence, Defendant Willis requested that this Court grant Sturdivant's motion to supplement and that he be allowed to expand the record with the two habeas corpus proceedings from Barbour County. (*Id.* at 5-6). Defendant Willis also sought to be allowed to supplement the respondent's answer to the original petition with the arguments contained in the response, which concluded that the error on his part did not affect the original answer and that Sturdivant's § 2254 petition is due to be dismissed. (*Id.* at 6-8). On November 13, 2017, this Court granted Sturdivant's motion for permission to supplement his 28 U.S.C. § 2254 petition and respondent's motion to supplement its answer and to expand the record. (Docs. 17, 18). The Court granted Sturdivant an opportunity to respond to respondent's response by December 18, 2017. (*Id.*). On December 15, 2017, the Court received Sturdivant's motion of inquiry, in which he inquires whether the Court receive his "complaint and warrant." (Doc. 22). This Court did receive his "complaint and warrant" (Doc. 21), (which is substantially the same as the "complaint and warrant" attached to the complaint in the present § 1983 action). At this time, Sturdivant's habeas action is pending with no report and recommendation having been entered.

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Sturdivant is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[4] A

---

[4] *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). *Bilal v. Driver*, 251 F.3d 1346, 1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR*

*Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 566 U.S. 662.  The court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  *Id.* at 681, 129 S.Ct. at 1951.  In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

III. Discussion.

Sturdivant named Alabama Attorney General Steve Marshall and Assistant Attorney General Jack W. Willis as Defendants.  (Doc. 1 at 5).  The claims that are connected to these Defendants are the misrepresentation to this Court by Defendants Willis and Marshall in Sturdivant's federal habeas action, *Sturdivant v. Jones,* CA No. 17-0233-WS-C (Doc. 1 at 5, Doc. 4 at 2), and Defendant Marshall's "[e]ndors[ing] and back[ing]" of this erroneous representation.  (Doc. 1 at 9).  Because § 1983 requires that a causal connection be shown between a defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional rights, the Court is addressing only those allegations that are shown as being connected to each Defendant.  *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986).  Specifically, Sturdivant alleged that Defendant Willis stated in the respondent's answer that no record was found of a state habeas petition filed by Sturdivant in Barbour County (*Id.* at 5), and then Defendant Willis apologized for this mistake in the respondent's response to Sturdivant's motion for permission supplement petition.  (*Id.*).  And Sturdivant alleges that Defendant Marshall is liable "under the laws of supervisory liability," (*Id.* at 9), and subsequently, stated that Defendant Marshall also made the misrepresentation.  (Doc. 4 at 2).

7

In a § 1983 action, a prosecutor is entitled to absolute prosecutorial immunity from damages for performing his function as an advocate for the government. *Buckley v. Fitzsimmons,* 509 U.S. 259, 272-73, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993). He is protected with absolute immunity in order not to "impair the performance of a central actor in the judicial process." *Malley v. Briggs,* 475 U.S. 335, 343, 106 S.Ct. 1092, 1097, 89 L.Ed.2d 271 (1986). This immunity encompasses acts or omissions associated "with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430-31, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976); *Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir. 1985). Moreover, "the absolute immunity doctrine has evolved such that even wrongful or malicious acts by prosecutors are allowed to go unredressed in order to prevent a flood of claims against the remainder of prosecutors performing their duties properly." *Hart v. Hodges,* 587 F.3d 1288, 1298 (11th Cir.), *cert. denied,* 560 U.S. 953 (2010).

Absolute prosecutorial immunity encompasses "post-sentencing conduct of a prosecutor" when a prosecutor is functioning as an advocate for the government in connection with judicial proceedings. *Id.* at 1298; *see Bruce v. Wade,* 537 F.2d 850, 852 (5th Cir.1976) (a prosecutor is entitled to absolute immunity for "fil[ing] false affidavits at appellant's state trial and in subsequent federal habeas proceedings")[5]; *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (immunity is extended to the prosecutor who handled the appeal; otherwise his judgment would be hindered for fear of civil liability); *Allen v. Thompson*, 815 F.2d 1433, 1434 (11th Cir. 1987) (a prosecutor is entitled to immunity for providing information to the parole commission about a defendant); *see also*

---

[5] The Eleventh Circuit in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

*Parkinson v. Cozzolino,* 238 F.3d 145, 151-52 (2d Cir. 2011) (listing cases from circuits that extend absolute immunity to prosecutors during the appellate stages of criminal proceedings). Similarly, "[a] prosecutor is absolutely immune from suit for malicious prosecution." *Jones v. Cannon,* 174 F.3d 1271, 1281 (11th Cir.1999).

Thus, Defendant Willis is entitled to absolute prosecutorial immunity in advocating for the State in Sturdivant's habeas proceedings in this Court. This immunity includes, but is not limited to, when he misrepresented the state-court record of Sturdivant's criminal proceedings, apologized to Sturdivant and to the Court for his mistake, and the positions/defenses that he takes for the State. Likewise, Defendant Marshall is entitled to absolute immunity for any false statements (Doc. 4 at 2), *supra*, and for endorsing and backing Defendant Willis's conduct, which is alleged to makes him as guilty. *See Van de Kamp v. Goldstein,* 555 U.S. 335, 344-46, 129 S.Ct. 855, 861-62, 172 L.Ed.2d 706 (2009) (holding the supervising district attorney was entitled absolute immunity for failing to create an information-sharing system for the deputy district attorneys and to train and supervise them because the deputy prosecutor would be entitled to immunity for his acts that called into question these failings of the supervisor and as long as these functions were not administrative). Sturdivant also elaborates that his theory of liability against Defendant Marshall is based on supervisory liability (Doc. 1 at 9); without more development, the Court liberally construes this allegation as one being based on vicarious liability or on the theory of *respondeat superior*. Neither one, however, is recognized as a theory of liability under § 1983. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) ("It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or

vicarious liability.").

Accordingly, to the extent that Sturdivant requested compensatory and punitive damages (Doc. 1 at 7), Defendants Marshall and Willis are entitled to absolute prosecutorial immunity from these damages requests. In addition, Sturdivant requested that Defendants be charged by this Court and prosecuted by the federal prosecutor's office. However, "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." *Otero v. United States Attorney Gen.,* 832 F.2d 141, 141 (11th Cir. 1987) (affirming the dismissal of an action seeking the writ of mandamus to require the defendants to investigate and prosecute a former Florida State Attorney) (citing *Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973)); *see Inmates of Attica Corr. Facility v. Rockefeller,* 477 F.2d 375, 379-82 (2d Cir. 1973) (affirming the dismissal of a complaint seeking the investigation and prosecution of persons who allegedly violated federal and state criminal statutes). Furthermore, the decisions of what criminal acts to investigate and of what acts and persons to prosecute are entrusted by the Constitution "to the executive branch of the government and not the judiciary." *Logan v. Hall,* 604 F. App'x 838, 841 (11th Cir. 2015); *see United States v. Ballard,* 779 F.2d 287, 295 (5th Cir.) ("A decision to prosecute is within the United States Attorney's substantial discretion . . . ."), *cert. denied*, 475 U.S. 1109 (1986). Thus, the requests for the Court to charge Defendants and for Defendants to be prosecuted are without legal merit. In view of the foregoing, Sturdivant's claims in this action are without legal merit and are due to be dismissed as frivolous.

### IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be

dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.[6] [7]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection,

---

[6] Additionally, 28 U.S.C. § 1915(e)(2)(B)(iii) provides for the dismissal of an action if it "seeks monetary relief against a defendant who is immune from such relief."

[7] The Court notes in passing that Sturdivant did not answer with "yes" to the complaint form's question of whether he had filed other lawsuits in state or federal court relating to his imprisonment (Doc. 1 at 3), even though he has filed other § 1983 and habeas actions according PACER (Public Access to Court Electronic Records). *See Sturdivant v. Choctaw Cty., Ala.,* CA No. 12-0681-CB-B (S.D. Ala. 2014) (§ 1983 action dismissed pursuant to § 1915); *Sturdivant v. Lovette,* CA No. 13-0188-KD-N (S.D. Ala. 2013) (§ 1983 action dismissed pursuant to § 1915). He then proceeded to sign his complaint under penalty of perjury. (*Id* at 7).

When a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury, the complaint is deemed to be an abuse of the judicial process warranting dismissal without prejudice as malicious. *Schmidt v. Navarro*, 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished) (finding the plaintiff abused the judicial process when he failed to disclose under penalty of perjury two prior federal actions on his complaint form). Maliciousness, as provided for by 28 U.S.C. § 1915(e)(2)(B)(i), may serve as an alternate ground for dismissal in the absence of the two-year statute of limitations not having expired on Sturdivant's claims. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished).

however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this 7th day of June, 2018.

                                                  **s/ KATHERINE P. NELSON**
                                                  **UNITED STATES MAGISTRATE JUDGE**